UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4440**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARRON TAUFEEQ SPARKS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00357-TDS-1)

---

Submitted:  November 24, 2014          Decided:  December 4, 2014

---

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, Federal Public Defender, Greg Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garron Taufeeq Sparks pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced him to a Guidelines sentence of fifty-five months' imprisonment. Sparks appeals, claiming that his sentence is substantively unreasonable. We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range[,]" for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). Because Sparks does not challenge the procedural reasonableness of his sentence, we turn our attention to substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable[,]" and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014), cert. denied, __ U.S.L.W. __, 2014 WL 4717386 (U.S. Oct. 20, 2014) (No. 14-336).

Sparks asserts that the district court inadequately considered his youth when imposing a Guidelines sentence. We disagree. The district court expressly relied on Sparks' age as

its basis for imposing a sentence near the low end of the Guidelines range, while also taking into account Sparks' criminal history, which included two prior convictions for illegal gun possession. Sparks has not shown that this sentence is unreasonable when measured against the § 3553(a) factors.

Accordingly, we hold that the Guidelines sentence imposed by the district court is substantively reasonable, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED